[No. 2,794.]

## JOHN TORMEY, PETER FAGAN, ISAAC LANKERSHIM, and GEORGE HICKSON *v.* JOHN PIERCE, M. SAVORY, JOHN THOMPSON, JAMES ELLIS, CYRUS WILSON, and JOHN WILSON.

In Ejectment by Several, Right of Possession to be Shown in All.—Where four plaintiffs recovered in ejectment, and it appeared on appeal that no evidence had been offered tending to show any interest or right of possession as to one of them; *held*, that such judgment in favor of all four was not supported by the evidence, and was erroneous.

Objection not Waived by Failure to Make it when it could not be Made.—In ejectment by four plaintiffs, where the defense was that one of them had no right of possession, and the only evidence of title or right of possession offered by plaintiffs was a patent to three of them; *held*, that defendant could not interpose his defense, by way of objection to the introduction in evidence of the patent, and that he did not waive the objection by failing to make it at that time.

Objection of "Equitable Defense not first Disposed of" to be first made Below.—An objection by a defendant that his equitable defense was not first disposed of cannot be made for the first time in the appellate Court.

Appeal from the District Court of the Fifteenth Judicial District, Contra Costa County.

This was an action of ejectment originally commenced in the District Court for the Seventh Judicial District, in and for Solano County, to recover a portion of the Suscol Rancho. It was afterwards dismissed as to the defendants Ellis, Cyrus Wilson, and John Wilson, and judgment was taken by consent against defendants Savory and Thompson. The defendant Pierce, in his answer, besides pleading the general issue

and plaintiff Hickson's want of interest, referred to and included, by way of cross-complaint, a bill for equitable relief in reference to the same land, which he had previously filed in the Fifteenth District Court for the City and County of San Francisco.

While the case was in this position the Judge of the Seventh District Court caused an order to be entered to the effect that he was disqualified from acting in it, and changing the venue to the Fifteenth District Court for Contra Costa County, where it was tried, and the judgment for plaintiffs against defendants rendered, and motion for new trial denied, as stated in the opinion. Defendants appealed.

*M. A. Wheaton,* for Appellants.

No connection was made with the title by Hickson; in fact, no evidence at all with regard to him was taken in the case, and the plea of misjoinder of parties plaintiff was well taken by the defendants. (*May* v. *Slade,* 24 Texas, 208; *Murray* v. *Webster,* 5 N. H. 391; *Gerry* v. *Gerry,* 11 Gray, 381; *Rhoads* v. *Booth,* 14 Iowa, 575; *Vinton* v. *Welsh,* 9 Pick. 87; *Grozier* v. *Atwood,* 4 Pick. 234; 1 Chitty's Pl. 66; *Worsley* v. *Worsley,* Croke, Eliz. 473; *Barrett* v. *Collins,* 10 Moore, 446; *Ainsworth* v. *Allen,* Kirby, 145; *Leavitt* v. *Sherman,* 1 Root, 159; *Jackson* v. *Richmond,* 4 Johns. 483.)

It is true that, at the trial, plaintiffs made an extraordinary offer to dismiss as to the plaintiff Hickson. What was it they offered to dismiss? Not the suit, certainly, for from that he could not be dismissed without dismissing the entire suit. If he went out of Court, the joint title, upon which the suit was based, went out of Court with him. Again, to whom was the offer to dismiss made? Was it to Hickson, to the Court, to the defendants, to some third disinterested party, or to the "man in the moon?" The answer is not material, however, because, notwithstanding the offer, he was not dismissed from the suit nor the suit from him.

The judgment was general against the defendants, and Savory and Thompson particularly object to this as a second judgment against them. And, again, no regard was paid to Pierce's equitable defense. It should have been disposed of before the trial upon the plaintiffs' title was had. (*Arguello* v. *Edinger*, 10 Cal. 160; *Weber* v. *Marshall*, 19 Cal. 457.)

*Wm. S. Wells*, for Respondents.

There is no appeal on the part of any other defendant than Pierce, judgment against the others being taken by consent, and their attorney not joining in the appeal.

The record sustains the judgment against Pierce, even without evidence, for the matters set up in the cross-bill, admitted by default, establish as against him adverse possession and ouster, as well as no cause of action or equitable relief. (*Frisbie* v. *Whitney*, 9 Wallace, 187; *Hutton* v. *Frisbie*, 37 Cal. 475.)

Defendant having taken no objection to any failure of proof as to Hickson, and not having availed himself of the offer on our part, equivalent to a judgment in his favor had he chosen to have taken it, is not entitled to raise the question on appeal. (*Marshall* v. *Ferguson*, 23 Cal. 65; *Boyce* v. *Cal. Stage Co.* 25 Cal. 473; *Larco* v. *Casaneuava*, 30 Cal. 560; *Paige* v. *O'Neal*, 12 Cal. 483; *Mott* v. *Smith*, 16 Cal. 533.)

By the Court, SPRAGUE, J.:

Tormey, Fagan, Lankershim, and Hickson sue Pierce and others in ejectment. Defendant Pierce answers, denying each and every allegation of the complaint, and further specially alleges a misjoinder of parties plaintiff; that plaintiffs Tormey, Fagan, and Lankershim have no joint interest in the premises sued for with plaintiff Hickson. On the trial, plaintiffs, to maintain the issues upon their part, introduced

and read in evidence a patent from the United States to Tormey, Fagan, and Lankershim, and oral evidence tending to show that the demanded premises were included within the boundaries of the patent, and that defendant Pierce was in possession of the demanded premises when the suit was commenced. No evidence was offered or given tending to show that plaintiff Hickson ever had any interest in the demanded premises, or right of possession thereof, either jointly with the other plaintiffs or otherwise. Judgment was rendered in favor of all the plaintiffs against defendants Pierce, Savory, and Thompson. Defendant Pierce moved for a new trial upon the ground, among others, of the insufficiency of the evidence to justify the decision and judgment, and specifies, in support of this ground, that the evidence failed to show any title or right of possession in plaintiff Hickson. The Court denied the motion for new trial, and defendant Pierce appeals from the judgment and from the order denying his motion for a new trial.

The judgment in favor of all the plaintiffs is not supported by the evidence, and is erroneous.

The point made by respondents that defendant Pierce, having failed to interpose objections to the patent at the time it was offered as evidence, on the ground that it did not tend to establish title or right of possession in all of the plaintiffs, thereby waived all objection to the judgment, on the ground that no evidence was offered or given tending to show any title or right of possession in one of the plaintiffs, is not well taken. Such objection to the patent as evidence, if taken by defendant, would have been invalid. The patent was pertinent and proper evidence to establish the title and right of possession of the three plaintiffs to whom it was issued, and defendant could not presume that this was the only evidence plaintiffs would introduce or offer tending to establish title or right of possession in each of the plaintiffs.

Appellant's objection that his equitable defense was not

first disposed of seems to be first made in this Court, and comes too late. The record does not disclose the action of the Court below upon defendant's equitable defense, whatever it may have been, nor any objections to such action by defendant.

Judgment and order, so far as the same denies a new trial to defendant Pierce, reversed, and cause remanded for a new trial as to him.

Neither Mr. Justice CROCKETT nor Mr. Justice TEMPLE participated in the foregoing decision.